904 F.2d 3
 Prod.Liab.Rep.(CCH)P 12,462
Joseph D. HOWELL and Ingeborg Howell, his wife, Appellants,
v.
The CELOTEX CORPORATION, Eagle Picher Industries, Inc.,
Keene Corporation, Owens Illinois, Inc., GAF Corporation,
Fibreboard Corporation, Owens Corning Fiberglas, Garlock,
Inc., Raymark Industries, Inc.
 No. 89-1822.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
April 5, 1990.
Decided May 18, 1990.
Rehearing and Rehearing In Banc Denied June 21, 1990.
 
 Daniel G. Childs, Johnson & Childs, Philadelphia, Pa., for appellants.
 Carol L. Widemon, McCarter & English, Cherry Hill, N.J., for appellees, Owens Illinois, Inc. and Fibreboard Corp.
 John DiSantis, Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for appellee, Owens Corning Fiberglas Corp.
 Bruce H. Bikin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellee, Celotex Corp.
 Robert B. Lawler, Wilbraham & Coleman, Philadelphia, Pa., for appellees, GAF Corp. and Keene Corp.
 Before HIGGINBOTHAM, Chief Judge, and COWEN and NYGAARD, Circuit Judges.
 OPINION OF THE COURT
 NYGAARD, Circuit Judge.
 
 
 1
 The issue in this diversity action is whether appellant's pleural thickening amounts to a compensable injury under Pennsylvania law, entitling him to a jury charge mandating liability. The district court refused to decide the question as a matter of law and submitted the issue to the jury which rendered a verdict against appellant. Judgment was entered by the district court on September 7, 1989 in favor of appellees. We will affirm.I.
 
 
 2
 In October, 1986, Joseph Howell filed an asbestos-related personal injury action against defendants Celotex Corporation ("Celotex"), Owens-Illinois, Inc. ("Owens-Illinois"), Pittsburgh-Corning Corporation ("Pittsburgh-Corning"), GAF Corporation ("GAF"), Keene Corporation ("Keene"), and Owens-Corning Fiberglas Corporation ("Owens-Corning"). This action proceeded to trial on the issues of medical causation and damages. At trial, appellees conceded appellant's asbestos-related pleural thickening, but contested its status as a compensable injury. Both sides produced experts who provided conflicting evidence on the "injurious" aspects of pleural thickening. The district court noted the appellees' concession that plaintiff had pleural thickening, but stated that the jury should determine whether pleural thickening was a compensable injury. Appellant objected, maintaining that pleural thickening constituted an injury and the jury need only assess damages.
 
 
 3
 The district court charged the jury as follows:
 
 
 4
 So, the first question you have to ask is: Has plaintiff, Joseph Howell, proved by a preponderance of the evidence that he is suffering from a disease or injury as a result of being exposed to asbestos?....[I]t is my understanding that there was a general agreement he suffered a pleural thickening as a result of his asbestos exposure.
 
 
 5
 Now, I heard one counsel say to you, and I don't recall specifically one way or the other, that all the doctors agreed that there was an impairment as a result of that pleural thickening. If that is your recollection, then I so instruct you that an impairment is an injury.... I recall one physician saying that he didn't classify pleural thickening as a disease or a disease-related injury. But that is up to you to decide. Consider all the evidence.... So, the issue is whether or not from all the evidence you have heard, has the plaintiff, as a result of his exposure to asbestos, is he suffering from an injury or a disease? You answer that yes or no. If you answer that no, that's the end of the case ...
 
 
 6
 Plaintiffs renewed their arguments following the jury charge, maintaining that asbestos-related pleural thickening constituted an "injury" under Pennsylvania law. After the jury found no compensable injury and the district court entered judgment on May 8, 1989, plaintiffs moved for a new trial and judgment N.O.V. Both motions were denied on September 7, 1989 and this appeal followed.
 
 II.
 
 7
 Plaintiffs raise one issue on appeal: whether asbestos-related pleural thickening constitutes a compensable injury under Pennsylvania law, entitling plaintiffs to a jury charge mandating liability. Our scope of review is plenary. See, e.g., Carter v. Rafferty, 826 F.2d 1299 (3d Cir.1987), cert. denied, 484 U.S. 1011, 108 S.Ct. 711, 98 L.Ed.2d 661 (1988). In diversity cases we apply the substantive law of the state in which the district court sat. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where that law has not been settled by the highest court of the state, we must predict the possible outcome of that court. Commission v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Here, no party disputes that Pennsylvania law should supply the applicable rule. Unfortunately, the issue has not been decided by the Pennsylvania state courts, so we must make a prediction.
 
 III.
 
 8
 Asbestos-related pleural thickening is defined as a scar tissue "condition" forming on the lungs as a result of asbestos contact. Doe v. Johns-Manville, 324 Pa.Super. 469, 471 A.2d 1252, 1253 (1984). Although pleural thickening itself causes no physical damage, its presence signifies the possibility of other latent asbestos-related injury. Id. In Doe v. Johns-Manville, plaintiff petitioned the court for a declaratory judgment, stating that the statute of limitations in asbestos-related injuries did not begin to run "until the injured person became disabled." 471 A.2d at 1255. The court indicated that it would apply the prevailing "discovery rule" which starts the limitation period when the plaintiff knows that "a possible tort [has] inflict[ed] a damage which is physically objective and ascertainable." Id. at 1254, quoting Ayers v. Morgan, 397 Pa. 282, 290, 154 A.2d 788, 792 (1959). Noting that pleural thickening satisfied the Ayers definition, the court stated that Doe must have known of the "injury" and its causal connection to defendant's conduct for the statute of limitations to begin. Id.; Cowgill v. Raymark Industries, Inc., 832 F.2d 798, 802 (3d Cir.1987) ("We also affirmed the district court's legal conclusion that Mrs. Cowgill's cause of action was barred if her husband knew or should have known of that injury [pleural thickening] more than two years prior to suit."). Thus, the court referred to pleural thickening as an "injury" for the purpose of determining when a cause of action is to be limited by law.
 
 
 9
 Plaintiffs insist that the judicial classification of asbestos-related pleural thickening as an "injury" for statute of limitations purposes requires that a jury regard pleural thickening as an injury for liability purposes. See 471 A.2d at 1254-56. We disagree. In statute of limitations cases, pleural thickening is considered an injury because it indicates a condition used to start the limitation period. Thus, upon diagnosis of pleural thickening, a plaintiff is "on notice" that he has two years to file suit. If the plaintiff is likely to develop an injury aside from pleural thickening, he may receive an instruction on and recover damages for his "increased risk of harm." Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088 (1985). For liability purposes, however, the Pennsylvania courts have not ruled that pleural thickening is a compensable injury. Doe and Cowgill address only the statute of limitation problem, not the liability question. In the face of this medical disagreement, we conclude that the presence of pleural thickening may not, alone, mandate a jury finding of compensable injury for an otherwise healthy plaintiff. We conclude that the substantial medical disagreement over the classification of pleural thickening prevents us from declaring it to be an injury as a matter of law. This question is factual and remains within the province of the trier of fact.
 
 
 10
 For the foregoing reasons, we will affirm.