674 A.2d 268

James Alexander and Betty ALEXANDER, H/W, Appellants,

v.

CARLISLE CORPORATION, Lear Siegler
Diversified Holding Co., Appellees.

Cleopheus BENTON and Doris Jean Benton, H/W, Appellants,

v.

LEAR SIEGLER DIVERSIFIED HOLDING CO., Owens–
Corning Fiberglas Corp., Owens–Illinois, Inc.,
Westinghouse Electric Corp., Appellees.

Glover HENCE, Appellant,

v.

CARLISLE CORPORATION, Cleaver–Brooks, Inc., Lear Siegler
Diversified Holding Company, Owens–Corning Fiberglas
Corp., Westinghouse Electric Corp., Appellees.

John BOARDMAN and Betty Boardman, H/W, Appellants,

v.

CARLISLE CORPORATION, Lear Siegler Diversified Holding
Co., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc.,
Westinghouse Electric Corp., Appellees.

Mildred JOHNSON, Appellant,

v.

FIBREBOARD CORPORATION, Owens–
Illinois, Inc., Appellees.

James LORD and Jean Lord, H/W, Appellants,

v.

CARLISLE CORPORATION, Flintkote Co., Lear Siegler
Diversified Holding Co., Owens–Illinois Inc.,
Westinghouse Electric Corp., Appellees.

Roger WEST and Novella West, H/W, Appellants,

v.

CARLISLE CORPORATION, Fibreboard Corporation, Lear
Siegler Diversified Holding Co., Owens–Corning Fiberglas
Corp., Westinghouse Electric Corp., Appellees.

James McNICHOL and Laura McNichol, H/W, Appellants,

■

v.

ASBESTOS CORPORATION, LTD., Atlas Turner Ltd.,
Fibreboard Corporation, Owens–Corning Fiberglas
Corp., Owens–Illinois, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Jan. 10, 1996.

Filed March 28, 1996.

418

420

Robert E. Paul, Philadelphia, for appellants.

Matthew Reber, Philadelphia, for Carlisle Corp., appellee.

Eric J. Kadish, West Cherry Hill, New Jersey, for Flintkote, appellee.

Before KELLY and POPOVICH, JJ. and MONTEMURO *, Senior Judge.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying appellants' motion for a new trial and entering judgment in favor of appellees on September 7, 1994. The above-captioned consolidated cases involved claims for alleged personal injury resulting from exposure to asbestos. At the completion of the damages portion of this reverse bifurcated trial, the jury returned a verdict for the defense stating that appellants James Alexander, Cleopheus Benton and James Lord did not sustain an asbestos related injury. The jury further found that appellants Glover Hence, John Boardman, Mildred Johnson, Roger West and James McNichol did not suffer compensable injuries due to asbestos exposure. Appellants herein raise the following issues for our review:

1. Whether appellee counsel deliberately used peremptory challenges to remove African–Americans from the jury;

2. Whether appellee counsel's conduct, in toto, requires a new trial;

3. Whether a fair trial was denied when appellee counsel elicited testimony concerning appellant Alexander's alcohol history;

* Retired Justice assigned to Superior Court.

4. Whether the court committed an error of law when it refused to grant a new trial on damages in the five cases where the jury determined the appellants had contracted an asbestos-caused disease but awarded no damages;

5. Whether *Giffear* was erroneous; and

6. Whether *Giffear* should be applied prospectively only.

Upon careful analysis of the issues raised by appellants in conjunction with the record, the parties' briefs and pertinent caselaw, we find no error in the trial court's denial of appellant's request for a new trial. Accordingly, we affirm.

Appellants' first claim is that appellees were permitted to use their peremptory challenges to remove African–Americans from the jury panel. Following appellants' objection at trial, the court conducted a pretrial hearing to investigate any wrongdoing in appellees' peremptory strikes. Pursuant to the rule set forth in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), appellees were required to give racially neutral explanations for their use of peremptory challenges. *See also, Commonwealth v. Dinwiddie,* 529 Pa. 66, 601 A.2d 1216 (1992) (evidence that prosecutor used five of six peremptory strikes to exclude blacks from jury panel established prima facie case of racial discrimination requiring racially neutral explanation); *Edmonson v. Leesville Concrete,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (applying *Batson* to civil cases).

The trial court found that appellee counsel gave sufficiently neutral justification for exercising peremptory challenges. The reasons given by appellee counsel were summarized by the trial court as follows: "One African–American juror was stricken from the panel because he had a seventh grade education level, and responded to the jury questionnaire he would have difficulty with the coverage of money damages for pain and suffering. One juror was stricken for lack of respect for the jury selection process, who wore sunglasses throughout the entire selection process. Another juror was stricken because of her occupational background as an employee of a pulmonary doctor who was unsure she could put

aside her knowledge she acquired in this profession." Trial Court Opinion, 4/95, p. 2–3. As the trial court was in the best position to judge the sincerity of counsel's explanation, we concur with its conclusion that the above reasons were sufficiently race neutral.

Appellants' second issue contains five assertions of appellee counsel's misconduct. Appellants contest the following statements made by appellee counsel during closing argument: that appellants law firm was profiting from the "overall hysteria" surrounding asbestosis; that appellees' expert witness, Dr. Akers, took care of indigent patients in Camden, New Jersey; that appellants did not call their treating physicians as witnesses; that appellees' expert witness, Dr. Lapayowker, would not continue to do health screenings for SEPTA if he was not objective; and that the jury's decision will affect the employees of appellees' companies.

When reviewing objectionable remarks made by trial counsel in closing argument, they must not be viewed in isolation, but, rather in the context of opposing counsel's closing argument. *Aiello v. Ed Saxe Real Estate Inc.*, 327 Pa.Super. 429, 439–40, 476 A.2d 27, 33 (1984). Furthermore, a new trial is not required where the remarks made by counsel were neither inflammatory or prejudicial. *Devine v. Johns–Manville Corp.*, 434 Pa.Super. 671, 640 A.2d 476 (1994). In light of appellant counsel's closing remarks, we find that appellee counsel's statements were either in response to appellant counsel's closing argument or were not of a nature to influence the jury unduly.

Appellee counsel commented on the hysteria surrounding asbestosis while reminding the jury that the true focus of the case was whether appellants were sick due to asbestos exposure. This statement was in direct response to appellant counsel's closing remark that appellees never warned appellants of the danger of asbestos. Appellee counsel brought up Dr. Aker's work with indigents in response to appellant counsel's repeated referral to the expert as a "company doctor." The fact that it was brought to the jury's attention that

appellants did not call the treating doctors as witnesses was neither inflammatory nor prejudicial since it was obvious to the jury that no treating doctor was presented. The comment that Dr. Lapayowker would no longer be doing screenings for SEPTA was, once again, in response to appellant's assertions that the defense experts were all "company doctors." Finally, the reference to the employees of appellee companies was in response to appellant's attempt to invoke sympathy for themselves. Appellee counsel was merely trying to personalize what appellants referred to as big corporations. Therefore, when viewed in the context of appellants' closing arguments, we see no error in the trial court's refusal to grant a new trial.

In their third issue, appellants assert that a new trial is necessary because appellees elicited testimony regarding appellant Alexander's history of alcohol consumption. Absent an abuse of discretion, the trial court's conclusion regarding the admissibility of evidence will not be disturbed. *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985). In the present case, all medical conditions and their causes were necessary to ascertain the affect asbestos exposure had on the appellants. Testimony regarding Alexander's history of alcohol consumption was elicited for the purpose of explaining the cause of his liver cirrhosis and was, therefore, properly admitted into evidence.

Appellants next contend that a new trial is warranted since the jury found asbestos-related disease in five appellants yet did not award any damages. The court instructed the jury that they must answer two questions during their deliberations. First, to permit recovery, they must find an objective asbestos-related injury such that damage exists which is physically objective and ascertainable. N.T., volume 2, p. 191. Second, the court said that there must be damage for which the appellant can claim compensation. In addition, the court advised the jury that, if appellants never develop asbestos-related cancer, this will be their only day in court. However, if they should develop asbestos-related cancer in the future, they would be permitted to file another lawsuit at that time.

Appellants claim that once an asbestos-related injury is established, damages must necessarily be awarded. We do not find this rationale consistent with recent caselaw. This court in *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 334–35, 632 A.2d 880, 884 (1993), concisely explained the condition suffered by appellants herein, pleural thickening, as follows:

> Asbestos-related pleural thickening is basically, the formation of calcified tissue on the membranes surrounding the lungs; such condition may be objectively determined in the sense that it shows up on an x-ray. Pleural thickening may occur independent of or in conjunction with asbestosis. When the pleural thickening is asymptomatic, as in Mr. Giffear's case, plaintiffs are able to lead active, normal lives, with no pain or suffering, no loss of an organ function, and no disfigurement due to scarring.

*Id.* (citations omitted) [1].

Since pleural thickening can be present and not cause ill health, Pennsylvania law has never defined it as a compensable injury. *Manzi v. H.K. Porter Co.*, 402 Pa.Super. 595, 598–99, 587 A.2d 778, 780 (1991). Further, "in the face of medical disagreement, whether pleural thickening is a compensable injury in any given case is a factual question." *Id.* In *Marinari v. Asbestos Corp., Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), we held that the "separate disease rule" applies in asbestos exposure cases. Pursuant to this rule, a plaintiff's cause of action for asymptomatic pleural thickening would not trigger the statute of limitations for a subsequent cause of action for asbestos-related cancer. *Id.* Thus, eliminating jury speculation as to the possibility of asymptomatic pleural thickening developing into asbestos-related cancer. *Id.*

Following *Marinari*, this court held in *Giffear* that pleural thickening without disabling or manifest physical symptoms is a non-compensable injury. *Giffear*, 632 A.2d at 884; *See also, DiDio v. Philadelphia Asbestos Corp.*, 434 Pa.Super. 191, 199–

---

1. We note that *Giffear* was argued before the Supreme Court on October 23, 1995, wherein the issue of whether asymptomatic pleural thickening is a compensable injury was addressed. The Supreme Court has not yet filed its decision in this matter.

200, 642 A.2d 1088, 1092 (1994). We recognized in *Giffear* that although the plaintiff exhibited a physical and ascertainable change in his lung lining, that alone was not sufficient to be considered a compensable injury. *Giffear,* 632 A.2d at 885. In support of this holding, the court distinguished harm from injury stating that "there is no rule of law that gives a person with an actionable injury the right to recover damages." *Id.,* at 885 n. 7.

In the present case, the jury, as finder of fact, found that appellants Hence, Boardman, Johnson and McNichol sustained an asbestos-related injury which was not compensable. As stated by this court in *Giffear,* absent evidence of reduced physiological functions, we can find no basis on which to award damages for pleural thickening. To do so would be to permit recovery for fear of contracting cancer which is clearly improper. *See, Giffear,* 632 A.2d at 888; *DiDio,* 642 A.2d at 1093. Furthermore, it is well settled that, should appellants develop a clear asbestos-related injury in the future, a separate action may be brought at that time. Therefore, the jury verdict finding that appellants had suffered asbestos-related injury yet awarding no damages was well within its province.

In appellants' fifth issue, they argue that *Giffear* is erroneous in that it contradicts our Supreme Court's decision in *Martin v. Johns–Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985). In *Martin,* the Supreme Court stated that, although testimony that a plaintiff may suffer certain future harm from a past injury is admissible, the *possibility* of future harm is not admissible. *Id.* at 1093–1094, n. 5. The Court continued that damages are not to be awarded based on speculation or conjecture, but, rather with "competent evidence from which the jury can reasonably determine the degree to which future consequences of a present injury are probable and, accordingly, what the amount of any damages award should be." *Id.*

We interpret *Giffear* similarly to hold that without competent evidence such as reduced physiological functions, a jury should not be permitted to speculate on the possibility that a plaintiff might develop asbestos-related cancer when

calculating damages. Instead, *Giffear* instructs that, if and when such symptoms actually arise, a proper claim for damages may be instituted. We therefore find no merit in appellants' claim that *Giffear* defies Supreme Court precedent.

█ Appellants' final issue asserts that *Giffear* should be applied prospectively only. Although the present case preceded *Giffear*,

"[w]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal."

*Murray v. Philadelphia Asbestos Corp.*, 433 Pa.Super. 206, 212, 640 A.2d 446, 449 (1994); *DiDio*, 642 A.2d at 1092, n. 7. As the retroactive applicability of *Giffear* was settled in *Murray* and *DiDio*, appellants' final issue must fail.

Having found no merit in any of appellants' arguments, we affirm the order of the trial court denying appellants' request for a new trial.

Order affirmed.