630 A.2d 14

**Nathan HIGGINBOTHAM and Jean Higginbotham, H/W**

**v.**

**FIBREBOARD CORPORATION, Keene Corporation, Owens–Illinois, Inc., GAF Corporation and Armstrong World Industries, Inc.**

**Appeal of FIBREBOARD CORPORATION.**

Superior Court of Pennsylvania.

Argued March 30, 1993.

Filed July 15, 1993.

Reargument Denied Sept. 23, 1993.

Richard T. Wentley, Pittsburgh, for appellant.

Suzanne Reilly, Philadelphia, for appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

Defendant Fibreboard[1] appeals from the December 10, 1991 judgment[2] entered in favor of the plaintiffs, Nathan and Jean Higginbotham, after a jury found Mr. Higginbotham was injured as a result of his exposure to asbestos-containing products manufactured by the appellant and Mrs.

---

1. Although plaintiffs' complaint included a number of other defendants, only Fibreboard is party to this appeal.

2. The judgment appealed from included personal injury damages, loss of consortium and delay damages.

Higginbotham was entitled to money damages for loss of consortium.

■■■■■ Appellant argues, inter alia, the court erred by allowing the jury to award damages on the basis appellee/husband might suffer or fears he might suffer an asbestos-related disease in the future. In support of its position, appellant relied at oral argument on this Court's en banc Opinion in *Marinari v. Asbestos Corp. Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), wherein the "separate disease rule" was recognized and adopted as controlling in asbestos exposure actions. This rule allows a cause of action for nonmalignant, asbestos-related lung pathology and a later separate cause of action for cancer. For the reasons which follow, we vacate the judgment entered in favor of the plaintiffs and remand for a new trial in accordance with this Opinion.

■■■■ The appellees' complaint alleged Mr. Higginbotham suffered from pleural asbestosis. Although expert testimony was introduced in support of this averment and we do not deny pleural thickening, even when asymptomatic, is an injury which gives rise to a cause of action, *see Marinari, supra,*[3] the jury charge delivered on damages contained the following erroneous instruction which, in light of the holding in *Marinari*, precludes a judgment in favor of plaintiffs.[4]

3. This Court's en banc decision in *Giffear v. Johns–Manville Corp., et al.*, —— Pa.Super. ——, 632 A.2d 880 (1993), has specifically overruled this panel's holding, based on *Marinari v. Asbestos Corp. Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), that asymptomatic pleural thickening is an injury giving rise to a cause of action. The *Giffear* Court stated: "Without evidence that such a condition [asymptomatic pleural thickening] is causing ascertainable physical symptoms, impairment, or disability, pleural thickening is a non-compensable injury and, therefore, does not give rise to a cause of action.... Thus, [*Higginbotham v. Fibreboard*, —— Pa.Super. ——, 630 A.2d 14 (1993), and *Morrison v. Fibreboard*, —— Pa.Super. ——, 630 A.2d 436 (1993) ] are overruled only to the extent that they cite *Marinari* to stand for the principle treating asymptomatic pleural thickening as a legally cognizable injury." *Giffear, supra* at ——, 632 A.2d at 888.

4. The jury instruction given by the court on April 17, 1991 was in compliance with Pennsylvania law as it existed at that time. However, in light of this Court's en banc decision in *Marinari v. Asbestos Corp. Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), which was decided after

Members of the jury, I will now charge on the damages. Please do not conclude I feel or do not feel plaintiffs should recover. However, if you feel plaintiffs should recover you must have guidelines to find a fair and adequate amount of compensation.

In each case if you find plaintiff has a compensable asbestos-related disease or injury this will be his only day in court.

. . . .

Doctors testified [plaintiff] ... Nathan Higginbotham, [has] an increased risk of developing asbestos-related mesothelioma. You must determine if an increased risk exists and what figure, if any, is an appropriate award.

If you find an increased risk exists, please do three things. One, decide upon a figure you believe appropriate if plaintiffs develop mesothelioma.

Two, decide upon a fair percentage for plaintiff's increased risk.

And three, multiply the figure by the percentage to calculate a dollar amount, reasonably reflecting each plaintiff's increased risk.

. . . .

All plaintiffs may recover for fear of contracting asbestos-related lung cancer and mesothelioma, if you find their fears are factually reasonable, legitimate and real.

Plaintiffs must prove by competent testimony, one, their fears are sincerely felt.

And two, the lung cancer and mesothelioma they fear may reasonably develop from their current condition.

There is no cause of action for risk or fear of asbestosis.

[Plaintiff] Nathan Higginbotham ... may be fairly and adequately compensated for all past, present and future

the jury charge was given and all appellate briefs in this matter were filed, the court's instructions are no longer an accurate representation of Pennsylvania law.

asbestos-related physical pain, mental anguish, discomfort, inconvenience and distress.

(N.T., 4/17/91, pp. 156, 159–162.) This instruction does not allow for an accurate allocation of damages between appellee's alleged pleural thickening and any speculative future malignancy for which recovery is precluded. Accordingly, the judgment cannot stand.

This, of course, rules out an award of damages based upon the fear of developing asbestos-related lung cancer or mesothelioma no matter how reasonable the basis for such fear. By establishing the two disease rule for recovery and eliminating the bar of the statute of limitations preventing an action for a malignancy which developed after the onset of asbestosis or pleural thickening, the need to anticipate all possible consequences arising out of a single disease approach has been obviated. Just as all ["past, present and future asbestos related physical pain, mental anguish, discomfort, inconvenience and distress" (Jury Instruction, N.T., 4/17/91, pp. 162) ] arising out of asbestosis or pleural thickening injuries may be fairly compensated in the initial asbestosis action, the same factors are relevant in establishing damages for the malignancy at the time it becomes actionable. No recovery may be had merely for the emotion and anguish arising from the possibility of the development of a malignancy. While the appellant did not frame its statement of the questions involved in this appeal on the erroneous charge by the court to the jury, the statements of question had to do with, first, whether recovery may be had because cancer or mesothelioma might occur in the future as a result of defendant's wrongful conduct, and second, whether recovery is permitted because defendant suffers a fear that he *might* contract cancer or mesothelioma as a result of defendant's wrongful conduct, which substantially centered on the court's erroneous charge. These statements were more than adequate to permit this Court to conduct appellate review of the trial court's governance of the case and to rule accordingly without being implicated in a sua sponte entertainment of the issues.

*Morrison v. Fibreboard,* —— Pa.Super. ——, —— — ——, 630 A.2d 437–438 (1993).

Although the *Marinari* Court found juries must now base their verdicts not upon speculation but on physically objective evidence of present injury, should Mr. Higginbotham at a future date develop an asbestos-related malignancy, he is not precluded from instituting a second action.

In light of our holding on the first two issues in favor of appellant's position, we need not decide the issues related to the wife's right to consortium and the propriety of delay damages as these are rendered moot.

Based on the foregoing, we vacate the judgment entered in favor of plaintiffs and against defendant Fibreboard and remand the matter for a new trial as to only those injuries presently suffered by Mr. Higginbotham.

Judgment vacated and case remanded.

Jurisdiction relinquished.