630 A.2d 436

William MORRISON and Roseann Morrison H/W

v.

FIBREBOARD CORPORATION, Keene Corporation, Owens–Illinois, Inc., GAF Corporation and Armstrong World Industries, Inc.

Appeal of FIBREBOARD CORPORATION.

Superior Court of Pennsylvania.

Argued March 30, 1993.

Filed July 15, 1993.

Reargument Denied Sept. 23, 1993.

Richard T. Wentley, Pittsburgh, for appellant.

Suzanne Reilly, Philadelphia, for appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

Defendant Fibreboard appeals from the December 9, 1991 judgment entered in favor of the plaintiffs, William and Rose-

ann Morrison, after a jury found appellant[1] liable for personal injury allegedly incurred by husband/appellee as a result of exposure to asbestos-containing products manufactured by the appellant.

Appellant argues the court erred by failing to grant its motion for a nonsuit and, consequently, allowing the jury to award damages on the basis husband might suffer or fears he might suffer a disease in the future. In support of its argument, appellant relies on this Court's en banc Opinion in *Marinari v. Asbestos Corp. Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), wherein, inter alia, the "separate disease rule" was recognized and adopted as controlling in asbestos exposure actions. This rule allows a cause of action for nonmalignant, asbestos-related lung pathology and a later separate cause of action for lung cancer or mesothelioma. For the reasons which follow we vacate the judgment entered in favor of the plaintiffs and remand for a new trial in accordance with the findings of this Opinion.

Plaintiffs' expert, Dr. Allan Friedman, opined Mr. Morrison suffered from pleural thickening, plaque formation and early pulmonary asbestosis (N.T., 4/23/91, pp. 30–31). Dr. Friedman also stated the asbestos to which Mr. Morrison had been exposed was a contributing factor to the afflictions mentioned. *Id.* Dr. Paul E. Epstein, who testified on behalf of the appellant, opined his examination of Mr. Morrison and a review of Morrison's medical history and record revealed no indication of asbestos-related conditions or abnormalities (N.T., 4/20/91, p. 19). Dr. Epstein did agree, however, because of Mr. Morrison's exposure to asbestos, the effects of which are cumulative, he was at greater risk of developing lung cancer or mesothelioma than had he never been exposed (*Id.*, pp. 22–23).

We do not deny a pleural thickening, even when asymptomatic, is an injury which gives rise to a cause of

---

1.  Although plaintiffs' complaint included a number of other defendants, only Fibreboard is party to this appeal.

action. *See Marinari, supra.*[2] However, in the matter before us, due primarily to the trial court's erroneous instruction [3,4] allowing damages for the possibility of incurring or fear of incurring a future asbestos-related malignancy, we are unable to ascertain if the money damages awarded to the plaintiffs

2. This Court's en banc decision in *Giffear v. Johns–Manville Corp., et al.,* —— Pa.Super. ——, 632 A.2d 880 (1993), has specifically overruled this panel's holding, based on *Marinari v. Asbestos Corp. Ltd.,* 417 Pa.Super. 440, 612 A.2d 1021 (1992), that asymptomatic pleural thickening is an injury giving rise to a cause of action. The *Giffear* Court stated: "Without evidence that such a condition [asymptomatic pleural thickening] is causing ascertainable physical symptoms, impairment, or disability, pleural thickening is a non-compensable injury and, therefore, does not give rise to a cause of action.... Thus, [*Higginbotham v. Fibreboard,* —— Pa.Super. ——, 630 A.2d 14 (1993), and *Morrison v. Fibreboard,* —— Pa.Super. ——, 630 A.2d 436 (1993)] are overruled only to the extent that they cite *Marinari* to stand for the principle treating asymptomatic pleural thickening as a legally cognizable injury." *Giffear, supra* at ——, 632 A.2d at 888.

3. The jury instruction given by the court on May 2, 1991 was in compliance with Pennsylvania law as it existed at that time. However, in light of this Court's en banc decision in *Marinari v. Asbestos Corp. Ltd.,* 417 Pa.Super. 440, 612 A.2d 1021 (1992), which was decided after the jury charge, the court's instructions are no longer an accurate representation of Pennsylvania law.

4. The pertinent part of the jury instruction follows:
   Doctors testified plaintiffs have an increased risk of developing asbestos-related lung cancer and mesothelioma.
   You must determine if an increased risk exists and what figure, if any, is an appropriate award. If you find an increased risk exists please do three things: one, decide upon a figure you believe appropriate if plaintiff develops lung cancer or mesothelioma; two, decide upon a fair percentage for plaintiff's increased risk; and, three, multiply the figure by the percentage to calculate a dollar amount reasonably reflecting each plaintiff's increased risk.

   .    .    .    .    .

   Plaintiff may recover for fear of contracting asbestos-related lung cancer and mesothelioma if you find their fears are factually reasonable, legitimate and real. Plaintiffs must prove by competent testimony: one, their fears are sincerely felt, and, two, the lung cancer and mesothelioma they fear may reasonably develop from their current condition.
   There is no cause of action for risk or fear of asbestosis.
   Plaintiffs may be fairly and adequately compensated for all past, present and future asbestos-related mental anguish, inconvenience, and distress.
   Plaintiffs may be fairly and adequately compensated for all past, present and future asbestos-related loss of life's pleasures.
   (N.T., 5/2/91, pp. 17–19.)

were based on a finding Mr. Morrison presently suffered from pleural thickening, or a finding he was likely to develop a malignancy as a result of his exposure to asbestos products manufactured by the appellant. For this reason we must reverse the judgment entered in plaintiffs' favor. Because the *Marinari* Court, however, found juries must now base their verdicts not upon sheer speculation as to possible future damages, but rather upon only empirical or physically objective evidence of present injury, should Mr. Morrison at some future date develop an asbestos-related malignancy, he is not to be precluded from instituting a second action. This, of course, rules out an award of damages based upon the fear of developing asbestos-related lung cancer or mesothelioma no matter how reasonable the basis for such fear. By establishing the two disease rule for recovery and eliminating the bar of the statute of limitations preventing an action for a malignancy which developed after the onset of asbestosis or pleural thickening, the need to anticipate all possible consequences arising out of a single disease approach has been obviated. Just as all "past, present and future asbestos related mental anguish, inconvenience and distress" (Jury Instruction, N.T., 5/2/91, p. 19) arising out of asbestosis or pleural thickening injuries may be fairly compensated in the initial asbestosis action, the same factors are relevant in establishing damages for the malignancy at the time it becomes actionable. No recovery may be had merely for the emotion and anguish arising from the possibility of the development of a malignancy. While the appellant did not frame its statement of the questions involved in this appeal on the erroneous charge by the court to the jury, the statements of question had to do with, first, whether recovery may be had because cancer or mesothelioma might occur in the future as a result of defendant's wrongful conduct, and second, whether recovery is permitted because defendant suffers a fear that he *might* contract cancer or mesothelioma as a result of defendant's wrongful conduct, which substantially centered on the court's erroneous charge. These statements were more than adequate to permit this Court to conduct appellate review of the trial court's governance of the case and to rule accordingly

without being implicated in a sua sponte entertainment of the issues.

Based on the foregoing we vacate the judgment entered in favor of plaintiffs and against defendant Fibreboard and remand this matter for a new trial consistent with this Opinion as to only those injuries presently suffered by Mr. Morrison.

Judgment vacated and case remanded.

Jurisdiction relinquished.