632 A.2d 919

Edward DEMPSEY and Mary Dempsey, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of OWENS–ILLINOIS GLASS COMPANY (at 3778).

Albert OWENS, Jr., and Gloria R. Owens, H/W

v.

RAYMARK INDUSTRIES, INC., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Celotex Corporation, Eagle–Picher Industries, Inc., Keene Corporation, Nicolet, Inc., Pittsburgh Corning Corporation, Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Fibreboard Corporation, Southern Textile Corp., H.K. Porter Co. Inc., Pacor, Inc., Garlock, Inc., and Turner & Newall, Ltd.

Appeal of OWENS–ILLINOIS INC. (at 3779).

Ricardo A. GONZALES and Joan Gonzales, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of OWENS–ILLINOIS GLASS CO. (at 3780).

Howard W. CONGO and Bernice Congo, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of OWENS–ILLINOIS GLASS CO. (at 3781).

Joseph WASSON and Joanne Wasson, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of FIBREBOARD CORPORATION (at 3917).

Howard W. CONGO and Bernice Congo, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of FIBREBOARD CORPORATION (at 3918).

Albert OWENS, Jr., and Gloria R. Owens, H/W

v.

RAYMARK INDUSTRIES, INC., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Celotex Corporation, Eagle–Picher Industries, Inc., Keene Corporation, Nicolet, Inc., Pittsburgh Corning Corporation, Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Fibreboard Corporation, Southern Textile Corp., H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., and Turner & Newall, Ltd.

Appeal of FIBREBOARD CORPORATION (at 3919).

Ricardo A. GONZALES and Joan Gonzales, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of FIBREBOARD CORPORATION (at 3920).

Edward DEMPSEY and Mary Dempsey, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of FIBREBOARD CORPORATION (at 3921).

Vincent F. NARCISE and Maria Narcise, H/W

v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Company, Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation, and Forty–Eight Insulation, Inc.

Appeal of FIBREBOARD CORPORATION (at 3922).

Joseph and Joanne WASSON

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORPORATION (at 4151).

Edward DEMPSEY and Mary Dempsey

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORPORATION (at 4152).

Vincent F. and Maria NARCISE

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORPORATION (at 4153).

Ricardo GONZALES and Joan Gonzales

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORP. (at 4154).

Albert and Gloria OWENS

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORP. (at 4155).

Howard CONGO and Bernice Congo, H/W

v.

KEENE CORPORATION, Fibreboard Corporation, Owens–Illinois Glass Company, Raymark Industries, Inc., Owens–Corning Fiberglas Corp., Celotex Corporation, Eagle–Picher Industries, Nicolet, Inc., Pittsburgh Corning Corp., Crown Cork & Seal Company, Inc., Armstrong World Industries, Inc., GAF Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., Pacor, Inc., Garlock, Inc., Turner & Newall, Ltd.

Appeal of KEENE CORP. (at 4156).

Superior Court of Pennsylvania.

Argued May 25, 1993.

Filed Oct. 21, 1993.

Bruce H. Bikin, Philadelphia, for Keene Corp., appellant.

James F. Hammill, Philadelphia, for Owens–Illinois, appellant.

Thomas R. Wright, Philadelphia, for Dempsey, appellees.

Before ROWLEY, President Judge, and CAVANAUGH, and FORD ELLIOTT, JJ.

FORD ELLIOTT, Judge:

These consolidated appeals are from the judgments entered in favor of the various plaintiffs, according to the jury's verdict and following the trial court's order of November 4, 1992, granting defendants' motions for *remittitur* and plaintiffs' motions for delay damages. After careful consideration of this matter, we are compelled to vacate the judgments.

For purposes of order and clarity, we shall briefly identify the various appellees, the plaintiffs at trial.

### *Dempsey*

Edward and Mary Dempsey filed suit alleging injuries as a result of Mr. Dempsey's exposure to asbestos while working at various jobs from 1943 to his retirement in 1985. Mr. Dempsey smoked cigarettes for 30 years and switched to cigars when he learned cigarettes posed a cancer risk. In 1982, Mr. Dempsey was diagnosed with pleural thickening. The only physical manifestation of the pleural thickening is shortness of breath when climbing stairs. At trial, Dr. Katz testified that

Mr. Dempsey's increased risk of cancer was ½oth of 1% per year and that his increased risk of mesothelioma was 3% over his lifetime. Mr. Dempsey presented no claims for lost wages or other special damages at trial. Rather, he sought damages solely for the fear and increased risk of contracting cancer. Mrs. Dempsey withdrew her consortium claim at trial.

## Owens

Albert Owens, Jr., and his wife, Gloria, also filed suit to recover for injuries allegedly sustained by Mr. Owens as a result of his occupational exposure to asbestos. Dr. Fineman testified that Mr. Owens has suffered from pulmonary asbestosis since 1981. Mr. Owens' condition causes him shortness of breath. However, Dr. Fineman attributed the shortness of breath to Mr. Owens' obesity. Since being diagnosed in 1981, Mr. Owens has neither consulted nor been under the treatment of any physician for his condition. Mr. Owens does not take any medication for his condition and has no restrictions placed upon him with respect to physical activity. Mr. Owens made no claims at trial for lost wages or other special damages. Mr. Owens' claims were confined to fear of cancer and increased risk of cancer. Mrs. Owens withdrew her claim for loss of consortium at trial.

## Gonzales

Ricardo and Joan Gonzales filed suit to recover for the injuries Mr. Gonzales allegedly sustained as the result of occupational exposure to asbestos. Mr. Gonzales worked as an electrician in the United States Navy from 1956 to 1960 and at the Philadelphia Naval Shipyard from 1960 to 1987, when he retired. Dr. Katz testified that Mr. Gonzales suffers from pleural thickening and pulmonary asbestosis. Aside from shortness of breath upon physical exertion, Mr. Gonzales' suffers no other symptoms. Mr. Gonzales neither undergoes treatment nor takes medication for his condition. There are no restrictions on his activity level. As with the other plaintiffs, Mr. Gonzales' claim is based upon fear of cancer and increased risk of cancer. Mrs. Gonzales' consortium claim was withdrawn at trial.

## Congo

Howard W. Congo and his wife, Bernice, filed suit alleging injuries resulting from Mr. Congo's occupational exposure to asbestos while working in various shipyards between 1946 and

1981. Mr. Congo was a pack-a-day smoker for about 35 years. Mr. Congo suffers from pleural thickening and asbestosis. His only complaint is shortness of breath after climbing too many flights of stairs. Mr. Congo has never received medical treatment for his condition. His claim is also based upon fear of contracting cancer and an increased risk of contracting cancer. Mrs. Congo withdrew her consortium claim at trial.

### Narcise

Vincent and Maria Narcise filed suit based upon Mr. Narcise's alleged injuries from occupational exposure to asbestos while working as a pipe fitter in the Philadelphia Naval Shipyard. Mr. Narcise suffers from pleural thickening and asbestosis. He has no symptoms other than shortness of breath upon physical exertion. His claim at trial was for fear of, and increased risk of, cancer. Mrs. Narcise's consortium claim was withdrawn at trial.

### Wasson

Joseph and Joanne Wasson filed suit for injuries that Mr. Wasson allegedly sustained through occupational exposure to asbestos. Mr. Wasson worked as an insulator at various shipyards in the Philadelphia area between 1966 and 1981. Mr. Wasson suffers from pleural thickening and asbestosis, characterized only by shortness of breath. Mr. Wasson's claimed injuries were a fear of cancer and an increased risk of cancer. Mrs. Wasson dropped her consortium claim at trial.

These six groups of plaintiffs had their cases consolidated for a reverse, bifurcated trial against Owens–Illinois, Inc., Keene Corporation, and Fibreboard Corporation, appellants herein. All other defendants had either settled, been dismissed, or were involved in bankruptcy proceedings.

At the close of the damage phase of trial, all appellants moved for a non-suit of appellees' claims for fear and increased risk of cancer. Those motions, along with motions for directed verdicts on these claims, were denied. Subsequently, the jury returned verdicts in favor of appellees as follows:

| | |
|---|---|
| Dempsey: | $2,000,000 |
| Owens: | 4,000,000 |
| Gonzales: | 2,500,000 |
| Congo: | 2,000,000 |
| Narcise: | 2,000,000 |
| Wasson: | 2,300,000 |

At the liability phase of trial the three appellants stipulated to shares of liability but preserved the right to appellate review.

On November 14, 1991, appellants filed motions for post-trial relief. The motions for *j.n.o.v.*, new trial, and *remittitur* were denied by order dated April 30, 1992. That order was subsequently vacated when appellants' motion for reconsideration was granted. On October 13, 1992, the Honorable Sandra Mazer Moss issued an order granting *remittitur* but denying appellees' motions for delay damages. The October 13 order was subsequently vacated when Judge Moss issued her November 4, 1992 order granting both *remittitur* and delay damages. Judgment was subsequently entered to reflect the molded verdicts and the award of delay damages. These timely appeals followed.

Appellants have raised a plethora of issues for our consideration; however, we need only focus on one issue to resolve these appeals. The core issue which warrants careful consideration is essentially:

Whether the trial court erred in refusing to grant Fibreboard, Owens–Illinois and Keene Corporation a new trial or judgment n.o.v. in light of this court's decision in *Marinari v. Asbestos Corp., Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992)?

Because our resolution of this issue mandates that we vacate the judgments, there is no need to address any of the other issues. Thus, we may turn our full attention to the applicability of *Marinari* to these cases.

The crux of appellants' argument is that the trial court erred by failing to grant their motions for non-suit and, consequently, allowing the jury to award damages on the basis that the various appellees face an increased risk of, and fear of contracting, cancer in the future. Appellants rely upon *Marinari* to support their argument.

In *Marinari* this court formally recognized and adopted the "separate disease rule" as the law of this Com-

monwealth. The "separate disease rule" affords an individual a cause of action for non-malignant, asbestos-related disease, such as pleural thickening and pulmonary asbestosis, and a later, separate cause of action for malignant lung disease, such as cancer or mesothelioma.

Chief among the court's concerns when deciding *Marinari* was the fact that the single action doctrine led to speculative awards. As the *Marinari* court noted:

> The speculative nature of the prediction of future damages—that a person with asbestosis will someday contract cancer—may lead to several inequitable results. First, the plaintiff who does not contract cancer gets a windfall—cancer damages without cancer. Second, and perhaps worse, an asbestosis plaintiff who is unsuccessful in his efforts to recover risk of cancer damages, but later contracts cancer, has the disease but no damages. Third, even plaintiffs who later contract cancer and who have recovered some amount of risk of cancer damages may emerge with an inequitable award, since the jury, cognizant of the less than one hundred percent chance that the plaintiff will contract cancer, likely will have awarded less than one hundred percent damages. Finally, inequitable awards are more likely to result from a future damages action simply because the damages cannot be known. If the disease has advanced—or even come into existence—the actual financial needs of the plaintiff can obviously be more accurately assessed.

*Marinari* at 451, 612 A.2d at 1026–27, *quoting Eagle–Picher Industries, Inc. v. Cox,* 481 So.2d 517, 523–24 (Fla.Dist.Ct. App.1985) (citations and footnotes omitted).

Implicit in the *Marinari* decision is an abolition of recovery of damages for fear of cancer and increased risk of cancer. Analyzing this same language from *Marinari,* this court has explicitly held that "because of our recent adoption of the 'two disease rule' for asbestos actions, claims for risk and fear of cancer no longer form a basis for recovery in asbestos cases where cancer is not present." *Giffear v. Johns–Manville Corp.,* 429 Pa.Super. 327, 632 A.2d 880 (1993) (Concurring

Opinion by Del Sole, J.). *See also Higginbotham v. Fibreboard Corp.*, 630 A.2d 14 (1993); *Morrison v. Fibreboard Corp.*, 630 A.2d 436 (1993); *Ottavio v. Fibreboard Corp.*, 421 Pa.Super. 284, 617 A.2d 1296 (1992).

Thus, it is clear that in light of this court's decision in *Marinari, supra*, an asbestos plaintiff may no longer recover for fear of contracting cancer and increased risk of contracting cancer. Presently, all of the husbands/plaintiffs suffered from non-cancerous asbestos conditions: either pleural thickening. or pulmonary asbestosis. Clearly, in light of *Marinari*, the jury awards based upon fear and increased risk of cancer were improper.

▮ Appellees, however, maintain that *Marinari* should not be applied retroactively to these cases. We disagree. In fact, in numerous cases this court has already applied *Marinari* retroactively in factually indistinguishable circumstances. *See, e.g., Giffear, supra; Higginbotham, supra; Morrison, supra; Ottavio, supra.*

Both *Higginbotham* and *Morrison* involve situations identical to that presently confronting us. In each case the husband/plaintiff was diagnosed as suffering from either pleural thickening or pulmonary asbestosis as the result of occupational exposure to asbestos. In each case the condition was asymptomatic. Each plaintiff was permitted to make a case to the jury based upon fear of cancer and increased risk of cancer. Each case was tried prior to *Marinari.* Also, in each case a *Manzi*[1] instruction was requested and given to the jury. Following substantial jury awards in the two cases, the

---

1. *Manzi v. H.K. Porter Co.*, 402 Pa.Super. 595, 587 A.2d 778 (1991), *reargument denied*, 410 Pa.Super. 283, 599 A.2d 992 (1991). *Manzi* was the forerunner to this court's formal adoption of the two-disease rule in *Marinari, supra.* At the time of the trial in the present case, the *Higginbotham* case, and the *Morrison* case, *Manzi* was a correct statement of the law. *Manzi* is very similar to *Marinari* in that it recognizes that a plaintiff suffering from a non-cancerous, asbestos-related condition who fails to recover damages in an initial action may return to court at a later date if he develops asbestos-related cancer. However, under *Manzi*, the jury may also be instructed that they can award damages for fear of cancer and increased risk of cancer. This is clearly an erroneous statement of the law in light of *Marinari*.

defendants appealed to this court. The crux of the appellate arguments in each case was that, in light of *Marinari,* the judgments had to be vacated as they represented awards for fear and increased risk of cancer. This court agreed and applied *Marinari* in each case to vacate the judgments. We must now do the same in each of the consolidated cases before us.

There are several fundamental reasons why it was proper for the *Higginbotham* and *Morrison* courts to apply *Marinari* retroactively and why we must now also do the same. First, we note that it is a well-settled principle of law in this Commonwealth that changes in the law are to be applied retroactively to cases pending upon appeal. *See Blackwell v. Com. State Ethics Commission,* 527 Pa. 172, 589 A.2d 1094 (1991). Appellees acknowledge this general pronouncement of law but contend that retroactive application should only occur when the issue at the center of the change in law has been properly preserved for review. Certainly appellants did not request a *Marinari* instruction at trial, since that case had not yet been decided. However, appellants did take all necessary steps to preserve the concerns addressed in *Marinari.*

For example, at trial appellants moved for non-suits and directed verdicts regarding the claims for increased risk and fear of contracting cancer. At the heart of these motions was that insufficient evidence had been presented to substantiate these claims; the claims would be the product of speculation and conjecture. This was precisely the concern which motivated the *Marinari* decision. Appellants continued to press these concerns via post-trial motions. In fact, Owens–Illinois specifically filed a supplemental memorandum with an amended motion for post-trial relief to bring the *Marinari* case to the trial court's attention. Accordingly, our review of the record reveals that implicit in many of the motions raised by appellants was the reasoning behind the *Marinari* decision. Appellants advanced those concerns at every possible turn in the trial. Thus, appellants are clearly entitled to have *Marinari* applied in these cases.

416

Accordingly, we are remanding these cases to the trial court for a new trial as to damages only. This new trial cannot contain any elements of fear or increased risk of cancer.

Judgments vacated. Cases remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.