643 A.2d 1095

**Alva BUSFIELD and Elaine Busfield, H/W, Appellants,**

**v.**

**A.C. & S., INC., John Crane Inc., Anchor Packing Co., Armstrong World Industries, Carey–Canada, Owens–Corning Fiberglas Corp., Owens–Illinois Inc., Pittsburgh–Corning Inc., H.K. Porter Co. Inc., Turner–Newell Ltd., Raymark Industries Inc., Rockwood Manufacturing Co., Southern Textile Co., Celotex Corp., Certain–Teed Corp., Combustion Engineering, Eagle–Picher Industries Inc., Fibreboard Corp., GAF Corp., Garlock Inc., Keene Corp., National Gypsum Co., U.S. Mineral Products, Crane Packing, Amchem Products Inc., Atlas Turner Ltd., Foster Wheeler Corp. Inc.**

Superior Court of Pennsylvania.

Argued May 11, 1994.

Filed June 23, 1994.

Jeffrey G. Moyer, Philadelphia, for appellants.

Robert T. Connor, Philadelphia, for Anchor Packing, Armstrong World Industries and Carey–Canada, appellees.

Carol L. Widemon, Cherry Hill, NJ, for Owens–Illinois, appellee.

Thomas R. Wright, Philadelphia, for Pittsburgh–Corning, H.K. Porter, Turner–Newell, Raymark, Rockwood, Southern Textile, Celotex, Certain–Teed, Combustion Engineering, Eagle–Picher, Fibreboard and GAF Corp., appellees.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.:

OLSZEWSKI, Judge:

Plaintiff Alva Busfield suffers from asymptomatic asbestosis, a condition caused by exposure to defendants' asbestos. The only question presented on this appeal is whether the trial court properly excluded evidence of Busfield's fear that he might develop cancer in the future. We find that the evidence was properly excluded and affirm.

In *Marinari v. Asbestos Corp., Ltd.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992), we joined a great number of jurisdictions which treat asbestos-related diseases as leading to distinct causes of action. A plaintiff who has been exposed to asbestos and develops thickening of the lungs or other non-malignant asbestos-related diseases may bring a first action upon discovering the condition, and may bring a second cause of action if and when he or she develops cancer. *Marinari* recognizes that since there is no medical connection between the non-

malignant and malignant conditions, it is unwise to require an asbestos plaintiff to recover speculative future damages in one lawsuit. Busfield developed a non-malignant disease as a result of his exposure to asbestos, and thus he properly brought this first lawsuit.

Busfield concedes that *Marinari* precludes any evidence with respect to the risk that he might develop cancer. He contends, however, that since *Marinari* allows an action for all *present* damages caused by pleural thickening, he should have been entitled to present evidence of his present fear that he might develop cancer. He posits that a present fear is distinct from a future risk, and that *Marinari* only meant to preclude the latter from the first lawsuit. While we understand this cogent distinction, this issue has already been decided against Busfield.[1] Judge Tamilia, writing for the majority in *Morrison v. Fireboard*, 428 Pa.Super. 114, 117–18, 630 A.2d 436, 437–438 (1993), concluded that *Marinari* precludes recovery for "fear" damages as well as "risk" damages in the first suit:

> Because the *Marinari* Court, however, found juries must now base their verdicts not upon sheer speculation as to possible future damages, but rather upon only empirical or physically objective evidence of present injury, should Mr. Morrison at some future date develop an asbestos related malignancy, he is not precluded from instituting a second action. *This, of course, rules out an award of damages based upon the fear of developing asbestos-related lung cancer or mesothelioma no matter how reasonable the basis for such fear.* By establishing the two disease rule for recovery and eliminating the bar of the statute of limitations preventing an action for a malignancy which developed after the onset of asbestosis or pleural thickening, the need to anticipate all possible consequences arising out of a single disease approach has been obviated. Just as all "past

---

1. Busfield seems to concede this point also, as he states in his brief that "[u]nfortunately, several recent Superior Court opinions have moved Pennsylvania towards being the only jurisdiction in the United States to not allow recovery for fear of cancer." Busfield's brief at 15. Even if this categorical statement is correct, the issue has been decided in this Court and Busfield's recourse is to our Supreme Court.

present and future asbestos-related mental anguish, inconvenience and distress" arising out of asbestosis or pleural thickening injuries may be fairly compensated in the initial asbestosis action, the same factors are relevant in establishing damages for the malignancy at the time it becomes actionable. No recovery may be had merely for the emotion and anguish arising from the possibility of the development of a malignancy.

*Id.* (emphasis added and internal citation omitted). Such is precisely the case here. Busfield was not permitted to present evidence that he might develop a future malignancy.[2]

Furthermore, we recently held that there is no cause of action at all for asbestosis or pleural thickening which causes no physiological dysfunction in a plaintiff (asymptomatic pleural thickening). In *Giffear v. Johns–Mansville Corp.*, 429 Pa.Super. 327, 632 A.2d 880 (1993) (*en banc* ), we stated with unmistakable clarity, "[w]ithout evidence that [pleural thickening] is causing ascertainable physical symptoms, impairment, or disability, pleural thickening is a non-compensable injury, and therefore, does not give rise to a cause of action." *Id.* at 341, 632 A.2d at 888.[3] The special interrogatories in this case reveal that the jury found that although Busfield suffered an asbestos-related disease, it caused him no harm. In other words, his asbestos-related disease was asymptomatic. Under *Giffear*, not only was Busfield not permitted to prove emotional damages for fear of cancer, he actually had no cause of

**2.** *Morrison* was modified by *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880 (1994), to the extent that it allowed a new trial for present damages caused by plaintiff's asymptomatic condition. We discuss *Giffear* below and its modification of *Morrison* does not affect the reasoning cited above.

**3.** Our learned colleague, Judge Del Sole, would argue that where pleural thickening is asymptomatic, the proper holding would be that plaintiff has suffered no damage, instead of the majority's view that he has no cause of action. *Giffear*, 429 Pa.Super. at 345, 632 A.2d at 890 (Del Sole, J., concurring). Since the question here is only whether Busfield could present emotional damages in the absence of any physical injury, Judge Del Sole's difference in *Giffear* is not implicated. *See, id.* ("To the extent that the Majority holds that a person cannot recover damages for 'fear of cancer' and 'risk of future cancer' in asbestos cases where cancer is not present, I agree.")

action.[4] We therefore agree with the trial court's decision to preclude evidence of Busfield's fear of cancer.

Order affirmed.

Concurring opinion by McEWEN, J.

Concurring statement by DEL SOLE, J.

McEWEN, Judge, concurring:

Since this Court, sitting *en banc*, in *Giffear v. Johns–Manville Corp.*, 429 Pa.Super. 327, 632 A.2d 880 (1993), held that "[w]ithout evidence that [pleural thickening] is causing ascertainable physical symptoms, impairment, or disability, pleural thickening is a non-compensable injury and, therefore, does not give rise to a cause of action," *id.* at 341, 632 A.2d at 888, appellant cannot now recover damages for *fear* of cancer. Thus, our esteemed colleague Peter Paul Olszewski, in his lead Opinion, quite correctly concludes that the trial court did not commit reversible error when, in this case, it excluded evidence of that fear.

Moreover, I echo the insightful observation of Judge Olszewski that the more difficult question—not presented in this appeal—is whether *fear* of cancer is compensable in those cases where a plaintiff has suffered some legally cognizable physical damage as a result of exposure to asbestos and, thus, by reason of that injury, has a cause of action. A review of the cases suggests that certain appellate expressions, upon occasion, have blurred two very distinct types of harm: (1) the *risk* of developing cancer which, it has been made clear, is not

---

**4.** Busfield makes an argument in this case that does raise a concern. He claims that as long as there is a physical manifestation of a disease, all emotional damages that it reasonably causes should be parasitic to the physical manifestation. The flaw in Busfield's argument as it pertains to him is simply that although he developed pleural thickening (a physical manifestation of asbestos exposure), he has not suffered, under *Giffear,* any legally cognizable injury to which emotional damages could attach. An interesting question, however, will be presented when an asbestos plaintiff does suffer legally cognizable physical damage as a result of a non-malignant disease, and then claims that the "fear" of cancer is a parasitic emotional damage. We will reserve resolution of this issue for another day.

compensable in Pennsylvania, and (2) such loss of life's pleasures as result from the *fear* of contracting cancer. While I personally can find no basis upon which to exclude evidence of damages flowing from the loss of life's pleasures caused by a reasonable fear of contracting cancer, that issue is not presented by cases, such as this, where there is no cause of action.

DEL SOLE, Judge, concurring:

While I remain of the view that a person with asymptomatic pleural thickening has a cause of action if damages have been experienced, I agree with the majority that "fear" of cancer is not recoverable.