### Heather JOHNSON

v.

### David GOLDSTEIN d/b/a and/or t/a Wayne Manor Apartments and d/b/a and/or t/a Lincoln Management Company and Irving Goldstein.

Civ. A. No. 93–1524.

United States District Court, E.D. Pennsylvania.

Sept. 23, 1994.

Daniel J. Ryan, John R. Brown, LaBrum and Doak, Philadelphia, PA, for plaintiffs.

John J. O'Brien, Jr., O'Brien and O'Brien, Philadelphia, PA, for defendant.

### *MEMORANDUM*

JOYNER, District Judge.

Defendants seek Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50, or a New Trial pursuant to Federal Rule of Civil Procedure 59. For the reasons that follow, these requests are denied.

Plaintiff Heather Johnson sued David Goldstein and Irving Goldstein as well as the companies they own, Wayne Manor Apartments and Lincoln Management Company, for physical and emotional damages suffered when she was raped in an apartment she rented from the Defendants. The rapist entered Plaintiff's apartment through a window that did not have security bars on it. Plaintiff's claim against Defendants was based on a theory that Defendants were negligent in providing a program of security.

Before trial, Defendants moved twice for summary judgment and each time this Court found genuine issues of material fact. This June, the case was tried to a jury and Plaintiff presented evidence and numerous witnesses. Defendants cross-examined Plaintiff's witnesses, yet declined to present any evidence of their own to rebut Plaintiff's evidence. The jury returned a verdict for the Plaintiff, and awarded her damages.

Defendants now assert that the jury's findings were against the weight of the evidence, that this Court improperly instructed the jury on many points and made other incorrect rulings on legal issues. Each of Defendants' nine claims will be addressed in turn.

### STANDARD

Courts are permitted to enter a judgment as a matter of law if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). Courts are permitted to grant a new trial if they find that a jury's verdict was against the weight of the evidence. Fed.R.Civ.P. 59(a); *Williamson v. Consolidated Rail Corp.,* 926 F.2d 1344, 1348 (3d Cir.1991); *Northeast Women's Center, Inc. v. McMonagle,* 689 F.Supp. 465, 468 (E.D.Pa.1988).

Either action, however, is not to be taken lightly. A court should only grant a new trial or issue a new judgment if "manifest injustice" would result otherwise, and the decision to act is left to the "discretion of the district court." *Id.; Bonjorno v. Kaiser Aluminum & Chem. Corp.,* 752 F.2d 802, 814 (3d Cir.1984), *cert. denied,* 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986). A judgment as a matter of law should be granted only when the court finds "as a matter of law that the plaintiff failed to adduce sufficient facts to justify the verdict." *Northeast Women's Center,* 689 F.Supp. at 468.

### DEFENDANTS' MOTION

#### *1. WAS THE JURY SUBJECTED TO FRAUD?*

Defendants assert that there was fraud during the course of the trial in that Plaintiff offered Defendants' Answer to its Complaint into evidence during Plaintiff's case. Defendants argue that Irving Goldstein is not an owner of the Wayne Manor Apartments and so is not a proper defendant in this action. However, in Defendants' First Answer to Plaintiff's Complaint, Defendant Irving Goldstein admitted ownership of the apartments. Later, in their Second Answer, Irving Goldstein denied ownership and asserted instead that he had sold his interest in the property to his son, David Goldstein. Defendants assert that when Plaintiff offered the First Answer into evidence to prove Irving Goldstein's ownership of the property, she com-

mitted fraud on the court, leading to fraud in the verdict.

 The test for fraud is: 1) a misrepresentation of fact 2) fraudulently uttered 3) with intent to induce reliance 4) and inducing justifiable reliance 5) to the injury of the injured party. *Averbach v. Rival Mfg. Co.,* 809 F.2d 1016, 1019 (3d Cir.); *cert. denied,* 482 U.S. 915, 107 S.Ct. 3187, 96 L.Ed.2d 675 (1987). A party may offer so-called "abandoned pleadings" into evidence, so long as the other side has an adequate opportunity to explain the pleading. *Haynes v. Manning,* 717 F.Supp. 730, 733 (D.Kan.1989). When an abandoned pleading is offered, it is admissible as an admission of a party-opponent under Federal Rule of Evidence 801(d). *Id.*

 Here, Plaintiff offered Defendants' First Answer into evidence. This answer was admissible as an admission of Defendants and as an abandoned pleading. Defendants had the opportunity to explain the pleading in their own case and to offer the Second Answer in their own case. Defendants, however, declined to explain or rebut their own Answer. Defendants assert that their own pleading was "admittedly false" and that Plaintiff presented it with the intent, and result, of misleading the jury.

We cannot hold that when Plaintiff offered evidence created by the Defendants themselves to resolve a disputed issue of fact, that Plaintiff acted fraudulently. We find that the Defendants had every opportunity to rebut Plaintiff's evidence, and that the jury was not misled by their failure to do so. In addition, we cannot find that Irving Goldstein was injured by Plaintiff when he did not act to protect himself at trial. Accordingly, Defendants' first argument is denied.

## 2. WAS THERE AGREEMENT BETWEEN THE PLAINTIFF AND THE LANDLORD WITH RESPECT TO SECURITY?

Defendants argue that there was no agreement between them and Plaintiff with respect to security. Although Defendants do not go beyond stating this simple assertion, presumably Defendants intend to argue that any jury finding that there was an agreement was against the weight of the evidence. To support this argument, Defendants cite the lease, which states that it is an "as is" lease, containing no representations beyond those specifically mentioned. They cite, further, a Pennsylvania case holding that a landlord, in general, has no general duty of care to protect tenants from criminal intrusion. *Feld v. Merriam,* 506 Pa. 383, 393–94, 485 A.2d 742, 747 (1984). That case goes on to hold that a landlord does incur a duty to protect when it "offers or voluntarily proffers a program [of security]." *Id.* Relevant language from this case was quoted to the jury as part of the jury charge.

 Plaintiff agrees with Defendants that she did not prove that there was an agreement to offer a program of security. However, Plaintiff stresses that she did prove that Defendants did voluntarily assume a program of security. Plaintiff argues, and we agree, that *Feld,* the case upon which Defendants rely, holds that Defendants can incur a duty under an agreement *or* under a voluntary course of action. Whether Plaintiff proved a voluntary assumption of a duty is addressed below. Because Plaintiff could show a duty under one of two theories and chose to show it under only one does not mean that Plaintiff has not met her burden of proof on either. Accordingly, Defendants' second argument is denied.

## 3. WAS THERE VOLUNTARY CONDUCT ON THE PART OF THE LANDLORD FOR THE BENEFIT OF THE PLAINTIFF WITH RESPECT TO SECURITY?

Defendant argues that Plaintiff did not meet her burden of proof to show voluntary conduct on their part with respect to security. In their support, Defendants cite language from *Feld,* 506 Pa. at 393–94, 485 A.2d at 747, stating "[i]f, for instance, one guard is offered, [a plaintiff] cannot expect the same quality and type of protection that two guards would have provided, nor may [plaintiff] expect the benefits that a different program might have provided." It is unclear what exactly Defendants attempt to prove with this quote. Defendants assert that there was *no* program of security, not that

Plaintiff asked for more than they were willing to provide.

Plaintiff argues, however, that she did meet her burden of proof regarding voluntary action. She argues that under Pennsylvania law, "bona fide security systems could range from being the most rudimentary devices to being elaborate programs of safety." *Reider v. Martin,* 359 Pa.Super. 586, 592, 519 A.2d 507, 510–11 (1987) (holding that a "secured outside door" qualified as program of security); *see Feld,* 485 A.2d at 747 (program of security is "an extra precaution, *such as* personnel specifically charged to patrol and protect the premises") (emphasis added).

▇ At trial, Plaintiff offered evidence showing that Defendants voluntarily installed security bars on the windows of all the relevant apartments except for Plaintiff's and that Defendants were aware of burglaries in the relevant apartments where the burglars had apparently entered through the windows. Defendants did not offer any evidence to contradict this evidence. Contrary to Defendants' assertion, therefore, the jury had sufficient evidence with which to find a voluntary program of security. The verdict slip asked the jury "[d]o you find that the defendants voluntarily or by agreement specifically undertook a program of security?" The jury answered "yes" to this question. Accordingly, Defendants' third argument is denied.

### 4. WHAT DUTY DID THE LANDLORD OWE THE PLAINTIFF?

▇ Defendants assert that they did not owe any duty of care to Plaintiff. In support of this argument they cite the lease's "as is" provision, and a Pennsylvania case holding that a landlord is not liable for existing physical defects of which the tenant is or should be aware. *Felton v. Spratley,* 433 Pa.Super. 474, 640 A.2d 1358 (1994). We find this case inapposite to the case at bar, in that *Felton* concerned a landlord's duty to inspect a rental property for lead-based paint and this case involves a landlord's duty to responsibly maintain a voluntarily assumed program of security.

▇ We held in an Order denying Defendants' Motion for Summary Judgment that as a matter of law, Defendants could owe a duty to Plaintiff and that there was a genuine issue of material fact as to whether they did or did not. Plaintiff presented sufficient evidence to convince the jury that Defendants owed her a duty and Defendants chose not to rebut any of Plaintiff's evidence or present any of their own. Accordingly, Defendants' fourth argument is denied.

### 5. DID THE TRIAL JUDGE PROPERLY INSTRUCT THE JURY WITH RESPECT TO THE CONCEPT OF DUTY?

▇ Defendants assert that "[t]he trial judge refused to charge the jury with respect to the concept of duty." They argue that their charge with regard to duty should have been given and that without this charge, there was no instruction on duty.

In fact, this Court did instruct the jury on duty. We quoted *Feld* to the jury, stating first that there is no general duty owed by a landlord to a tenant. Only then did we instruct the jury that a landlord could voluntarily incur a duty through undertaking a course of conduct. This instruction, "taken as a whole and viewed in the light of the evidence, fairly and adequately submit[ted] the issues in the case to the jury." *United States v. Fischbach & Moore, Inc.,* 750 F.2d 1183, 1195 (3d Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1397, 84 L.Ed.2d 785 (1985). Accordingly, Defendants' fifth argument is denied.

### 6. DID THE TRIAL JUDGE REFUSE TO TAKE JUDICIAL NOTICE OF A PUBLIC RECORD, THE DEED TO THE PREMISES IN QUESTION?

▇ Defendants argue that this Court improperly declined to take judicial notice of a property deed to the Wayne Manor Apartments that would show, they claim, that Irving Goldstein did not own the property. They argue that because Plaintiff did not offer the deed into evidence that the jury "was precluded from knowing the truth."

This argument completely ignores the fact that Defendants were free to enter the deed into evidence themselves. Federal Rule of Evidence 201 states that a "court shall take judicial notice if requested by a party and

supplied with the necessary information." F.R.E. 201(d). These Rules also state that a "court shall exercise reasonable control over the mode and order of ... presenting evidence." F.R.E. 611(a).

This Court declined to take judicial notice of the deed during Plaintiff's case in chief but was willing to take judicial notice of the deed during Defendants' case. Defendants, however, never put on their case. Moreover, Defendants were not injured by this Court's failure to take judicial notice of the deed because Defendants could have offered the deed into evidence themselves. Accordingly, Defendants' sixth argument is denied.

*7. DID THE TRIAL JUDGE PROPERLY APPLY RULE 15(C) OF THE FEDERAL RULES OF PROCEDURE?*

Defendants argue that this Court has misapplied Federal Rule of Civil Procedure 15(c). This issue was raised and specifically rejected in Defendants' Second Motion for Summary Judgment. A court will reconsider a prior decision to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985).

In our Order, we held that the claims asserted in the Amended Complaint arose out of the same conduct, transaction or occurrence set forth in the original pleading; that David Goldstein had received such notice of the institution of the action that he would not be prejudiced in maintaining a defense on the merits; and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *See* Fed.R.Civ.P. 15(c). Accordingly, we held that the Amended Complaint properly related back and David Goldstein was properly a defendant in this action.

Defendants have not provided this Court with any additional facts or arguments that would support reversing our earlier decision. Accordingly, Defendants' seventh argument is denied.

*8. ARE THE CLAIMS OF THE PLAINTIFF AS TO DAVID GOLDSTEIN BARRED BY THE STATUTE OF LIMITATIONS?*

Defendants argue that because David Goldstein was formally sued after the statute of limitations had passed, he is not a proper defendant in this action.

As discussed above, this Court has previously held that the Amended Complaint related back to before the statute of limitations had run under Rule 15(c). Defendants have offered no additional evidence to make us reverse that decision. Accordingly, David Goldstein is a proper defendant, and Defendants' eighth argument is denied.

*9. DID THE TRIAL JUDGE COMMIT ERROR IN FAILING TO CHARGE THE JURY ON CERTAIN CHARGES?*

Defendants assert that this Court failed to properly charge the jury when it did not use certain points from Defendants' Proposed Points for Charge. In their Statement of Questions, Defendants list fifteen points that they claim should have been charged. Most of these points for charge have been addressed in other parts of this Memorandum. Specifically, Points for Charges 19, 38, 40, 41, 41(a), 44, 49, 50, 51, 52, 53 and 54 are addressed in the sections above. Accordingly, we need only examine proposed Points for Charges 2, 39 and 48.

Proposed Point for Charge number two instructs the jury that the Plaintiff has the burden of proof and must prove its burden by a preponderance of the evidence.

This Court routinely instructs a jury at the beginning of a trial that the burden of proof is on the plaintiff and that plaintiff must prove the case by a preponderance of the evidence. This Court repeated this instruction at the beginning of the jury charge. Accordingly, the information presented in Proposed Point for Charge Number two was given to the jury at least twice. Accordingly, Defendants' argument is denied.

Proposed Point for Charge number forty-eight directs the jury to find in favor of the Defendants. As is evident from the discussion above, a directed verdict for Defendants was inappropriate. Plaintiff produced evidence on each element of negligence and Defendants produced no evidence to rebut the evidence. Defendants twice moved for

summary judgment, and each time this Court found material issues of fact that needed to be resolved, making a directed verdict inappropriate. Accordingly, Defendants' argument is denied.

Proposed Point for Charge number 39 reads "No recovery may be had merely for the emotion and anguish arising from the possibility of the development of disease." Defendants cite *Higginbotham v. Fireboard Corp.*, 428 Pa.Super. 26, 630 A.2d 14 (1993) and *Lubowitz v. Albert Einstein Medical Center*, 424 Pa.Super. 468, 623 A.2d 3 (1993) as support for their position.

■ In Pennsylvania, a plaintiff may normally recover damages for *all* of her mental anguish resulting from a physical injury. *Botek v. Mine Safety Appliance Corp.*, 531 Pa. 160, 166, 611 A.2d 1174, 1177 (1992). When a plaintiff suffers no physical injury, however, recovery solely for fear of developing a disease is unavailable. Defendants' cases address this point.

■ Plaintiff asserted at trial that she suffered mental distress as a result of the rape because she fears she may have been infected with HIV. Plaintiff produced evidence, accepted by the jury, that her mental anguish resulted from a physical injury. Because of this, Defendants' cases and their proposed point for charge are inapplicable. Accordingly, Defendants' ninth argument is denied.

### CONCLUSION

Defendants raise nine issues that they claim warrant a judgment as a matter of law or a new trial. As discussed above, none of Defendants' arguments has merit. Accordingly, the Motion is DENIED.

### ORDER

AND NOW, this 23rd day of September, 1994, upon consideration of Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50 and in the Alternative Motion for a New Trial Pursuant to Rule 59 of the Federal Rules of Procedure, and the re-

sponses thereto, the Motion is hereby DE-NIED.